WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Knaubert, | No. CV 14-0158-PHX-SMM (SPL) |
| Plaintiff, | |
| vs. | **O R D E R** |
| Last Forced Medication Committee, | |
| Defendant. | |

On January 27, 2014, Plaintiff Michael Knaubert, who is confined in the Arizona State Prison Complex-Eyman, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In an April 22, 2014 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order. On May 19, 2014, Plaintiff filed his First Amended Complaint. In an Order dated July 8, 2014, the Court dismissed the First Amended Complaint and gave Plaintiff 30 days to file a second amended complaint.

To date, Plaintiff has not filed an amended complaint. However, he has filed twelve motions. On July 28, 2014, Plaintiff filed a Motion (Doc. 19) requesting a new complaint form and a 30-day extension of time to file an amended complaint. That same day, Plaintiff filed a "Motion to File Criminal Charges" (Doc. 20). Since then, Plaintiff has filed a "Motion to Explain on Pica Typewriter for the Courts" (Doc. 22), a "Motion

**JDDL-K**

for Legal Release Due to Laws and Facts of This Case" (Doc. 23), a "Motion for [Illegible] of Court Case on Bench Trial" (Doc. 24)[1], a "Motion for [Illegible] on 5-7 Issues Not Yet Brought" (Doc. 25), a "Motion for Correction" (Doc. 26), a "Motion for Immed[iat]e Release Again" (Doc. 27), a "Motion for Copies of All Paper to and from the Courts as Mine were Stolen or Lost by D.O.C." (Doc. 30), a "Motion for Requesting Instruction from the Courts" (Doc. 31), a "Motion for Exten[s]ion of Time" (Doc. 32), and a "Motion to Explain Were About and What Transpired Since Last Answer from the Courts in July, August 2014" (Doc. 33).

The Court will grant Plaintiff's Motion (Doc. 19) for an extension of time to file an amended complaint and for a new complaint form.  Plaintiff will have 30 days from the date of this Order to file an amended complaint in compliance with the Court's July 8, 2014 Order.  Plaintiff's additional motion requesting an extension of time (Doc. 32) will be denied as moot.

**I.   Unresponsive Motions**

Most of Plaintiff's other motions are not responsive to the Court's July 8, 2014 Order directing Plaintiff to file an amended complaint, do not request specific relief from the Court, or contain rambling narratives that appear unrelated to Plaintiff's initial Complaint.[2]  Moreover, because there is currently no pleading before the Court (the

---

[1] This document is listed on the docket as a Motion for Appointment of Counsel.  However, it does not appear that Plaintiff is requesting counsel.  His handwriting is not clear, but it appears he wrote that he "request[s] on oral arraignment for case #00158-SMM."

[2] As the Court advised Plaintiff in the April 22 and July 8, 2014 Orders, it is improper for a party to communicate directly with court personnel.  Any request for action by the Court must be in the form of a motion that complies with the Rules of Practice of the United States District Court for the District of Arizona (the Local Rules).  Simply mailing a letter to the Clerk of Court, the judge, or any court personnel is unacceptable.  Similarly, labeling a document as a "motion," without an appropriate request for relief, is also unacceptable.  Any future documents that do not comply with the Court's Orders or Rules will be stricken from the record and will be returned to Plaintiff.

Complaint having been dismissed for failure to state a claim and no amended complaint having as yet been filed), general motions practice is inappropriate. Accordingly, the Court will direct the Clerk of Court to strike from the record those motions which the Court finds unnecessary or irrelevant to Plaintiff's compliance with the Order to amend his Complaint. Those are Plaintiff's "Motion to File Criminal Charges" (Doc. 20), "Motion to Explain on Pica Typewriter for the Courts" (Doc. 22), "Motion for Legal Release Due to Laws and Facts of This Case" (Doc. 23), "Motion for [Illegible] of Court Case on Bench Trial" (Doc. 24), "Motion for [Illegible] on 5-7 Issues Not Yet Brought" (Doc. 25), "Motion for Correction" (Doc. 26), "Motion for Immed[iat]e Release Again" (Doc. 27), "Motion for Requesting Instruction from the Courts" (Doc. 31), and a "Motion to Explain were About and What Transpired Since Last Answer from the Courts in July, August 2014" (Doc. 33).

**II.     Motion for Copies**

In his Motion for Copies, Plaintiff states that all paperwork "is either stolen or lost by D.O.C." and he asks that the Court "replace it all at [his] expense and tack it on [his] bill with the courts." This motion will be denied except that the Court will direct the Clerk of Court to send Plaintiff a copy of the July 8, 2014 Order for guidance on filing an amended complaint. For any other documents, the Clerk of Court charges 50 cents per page for reproducing any record or paper. *See* Judicial Conference Schedule of Fees ¶ 4, foll. 28 U.S.C. § 1914. Plaintiff may obtain copies of documents filed in this case by submitting a written request accompanied by pre-payment of the 50 cents per page copy fee.

Plaintiff should note that an inmate has no right to free copies of pleadings. *See In Re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990) (*per curiam*) (28 U.S.C. § 1915 "does not give a litigant a right to have documents copied and returned to him at government expense"); *Robinson v. Miscellaneous*, No. 09C0148, 2009 WL 1649697, at *4 (E.D. Wis. June 11, 2009); *Joseph v. Director of Circle K Corp.*, No. CV97-2214-PHX-RCB, 2008 WL 4838712, at *1 (D. Ariz. Nov. 5, 2008). Further, the Ninth Circuit has rejected

any constitutional right to unlimited free photocopying. *See Johnson v. Moore*, 926 F.2d 921, 923 (9th Cir. 1991) (*per curiam*), *superseded on other grounds*, 948 F.2d 517 (9th Cir. 1991) (*per curiam*); and *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989) (rejecting any constitutional right to free and unlimited photocopying) (citing *Jones v. Franzen*, 697 F.2d 801, 803 (7th Cir. 1983) ("[B]road as the constitutional concept of liberty is, it does not include the right to xerox.")).

"The Supreme Court has declared that 'the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress . . . .'" *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (quoting *United States v. MacCollom*, 426 U.S. 317, 321 (1976)). The *in forma pauperis* statute, 28 U.S.C. § 1915, authorizes the Court to pay for service of process on behalf of an indigent litigant and, in certain cases, to pay the costs of printing the record on appeal and preparing a transcript of proceedings, but the statute does not authorize the Court to pay the costs for an indigent litigant's general copy requests. *Cf. Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) (§ 1915 does not authorize the district courts to waive payment of fees or expenses for witnesses); *Tedder*, 890 F.2d at 211-12 (same).

**III.   Warnings**

**A.   Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

. . . .

### C.     Copies

Because Plaintiff is currently confined in ASPC-Eyman and this case is subject to General Order 14-08, Plaintiff is not required to submit an additional copy of every filing for use by the Court, as would ordinarily be required by Local Rule of Civil Procedure 5.4.  If Plaintiff is transferred to a prison other than ASPC-Eyman, he will be notified of the requirements regarding copies for the Court that are required for inmates whose cases are not subject to General Order 14-08.

### D.     Possible "Strike"

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in the Court's July 8, 2014 Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E.     Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order and the Court's July 8, 2014 Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     The Clerk of Court is directed to strike from the record Plaintiff's "Motion to File Criminal Charges" (Doc. 20), "Motion to Explain on Pica Typewriter for the Courts" (Doc. 22), "Motion for Legal Release Due to Laws and Facts of This Case" (Doc. 23), "Motion for [Illegible] of Court Case on Bench Trial" (Doc. 24),  "Motion for

[Illegible] on 5-7 Issues Not Yet Brought" (Doc. 25), "Motion for Correction" (Doc. 26), "Motion for Immed[iat]e Release Again" (Doc. 27), "Motion for Requesting Instruction from the Courts" (Doc. 31), and "Motion to Explain were About and What Transpired Since Last Answer from the Courts in July, August 2014" (Doc. 33).

(2) Plaintiff's Motion (Doc. 19) for a complaint form and extension of time is **granted**. Plaintiff is granted 30 days from the date of this Order to file an amended complaint in compliance with the Court's July 8, 2014 Order.

(3) If Plaintiff fails to file a second amended complaint within 30 days of the date of this Order, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(4) Plaintiff's Motion for Copies (Doc. 30) is **denied**.

(5) Plaintiff's "Motion for Exten[s]ion of Time" (Doc. 32) is **denied as moot**.

(6) The Clerk of Court must mail Plaintiff a copy of the Court's July 8, 2014 Order (Doc. 18), including the court-approved form for filing a civil rights complaint by a prisoner.

DATED this 31st day of October, 2014.

Stephen M. McNamee
Senior United States District Judge